**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN A. BROWN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: _____ |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MACUNGIE, | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff John A. Brown ("Plaintiff" or "Mr. Brown"), by and through

undersigned counsel, complains against Defendant Borough of Macungie

("Defendant" or the "Borough") and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from the unlawful removal of the Borough Manager

of the Borough of Macungie through a process that bypassed public governance,

violated Pennsylvania law, and deprived Plaintiff of constitutionally required

procedural protections.

2.      Plaintiff was terminated before any public vote of Borough Council,

based on a decision made outside public view, and only later was that termination

purportedly "ratified" at a public meeting.

3.  The Borough's conduct was not the result of mistake or inadvertence, but of a deliberate method of governance in which determinative employment decisions were made privately and presented publicly as faits accomplis.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims under 42 U.S.C. § 1983.

5.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

6.  Venue is proper in this District under 28 U.S.C. § 1391 because all events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTS

7.  Plaintiff John A. Brown is an adult individual who served as Borough Manager of the Borough of Macungie until December 31, 2025.

8.  Defendant Borough of Macungie is a Pennsylvania borough organized and existing under the Pennsylvania Borough Code.

9.  At all relevant times, the Borough acted through its Borough Council, which possessed final policymaking authority with respect to the hiring, supervision, discipline, and removal of the Borough Manager.

10.    Plaintiff served as Borough Manager, the Borough's chief administrative officer.

11.    Plaintiff's position existed by statute and was governed by the Pennsylvania Borough Code.

12.    Under Pennsylvania's Borough Code, removal of a Borough Manager may occur only by official action of Borough Council taken at a public meeting.

13.    Borough Council conducted official business, including personnel matters, through actions taken at public meetings.

14.    Plaintiff understood that any decision to remove him would be implemented through official action of Borough Council taken at a public meeting.

15.    No Borough official advised Plaintiff that his removal could be effectuated without such action.

16.    On October 3, 2025, Plaintiff received a telephone call from the Borough's labor relations attorney and said that Borough Council met in executive session and that your employment will end December 31, 2025.

17.    Prior to October 3, 2025, Plaintiff had ongoing disputes with Borough leadership concerning compliance with statutory requirements, governance practices, and directives that Plaintiff believed were improper or unlawful.

18.    These disputes intensified in the months leading up to the October 3, 2025 termination decision.

19.     During that call, Plaintiff was informed that Borough Council had met in executive session the prior evening.

20.     Plaintiff was told that Borough Council had decided to terminate his employment effective December 31, 2025.

21.     Plaintiff was informed that the termination decision was final and not contingent on further public action.

22.     Plaintiff was directed to remain in his position through December 31, 2025 and continue performing all duties of Borough Manager.

23.     Plaintiff was not informed of any public meeting at which his termination would be considered.

24.     Plaintiff was not informed of any motion, resolution, ordinance, or vote resulting in his removal.

25.     At no time did any Borough official advise Plaintiff that his termination would be subject to public deliberation or a future council vote.

26.     Following the October 3, 2025 notification, Plaintiff was required to continue performing critical Borough functions.

27.     During the same period, Plaintiff was directed by Borough officials and/or counsel to provide access to Borough bank accounts, payroll systems, and other sensitive financial and personnel records to a proposed successor or third party before legally required safeguards were satisfied.

28.     Plaintiff refused to provide such access because he reasonably believed doing so would violate Pennsylvania law and municipal obligations, including requirements relating to bonding, background verification, and the safeguarding of public funds and confidential information.

29.     Plaintiff expressly communicated that he would not authorize or facilitate the transfer of access to Borough financial systems unless and until required statutory and policy prerequisites were satisfied.

30.     Plaintiff's refusal placed him in direct conflict with Borough leadership and individuals acting on its behalf.

31.     Plaintiff's refusal and objections were not limited to routine administrative duties but were undertaken to prevent unlawful conduct and protect public resources, placing Plaintiff in opposition to actions he reasonably believed to be improper.

32.     Plaintiff was required to finalize and present the Borough's annual budget.

33.     Plaintiff was required to manage Borough operations during a period of significant staffing vacancies.

34.     Plaintiff was required to perform these duties after the Borough had already privately decided to terminate him.

35.    Plaintiff was given no mechanism to challenge, contest, or respond to the termination decision during this period.

36.    The Borough benefited operationally and financially from Plaintiff's continued service while denying him any procedural protection.

37.    Plaintiff's employment ended on December 31, 2025.

38.    As of that date, Borough Council had not conducted any public vote to terminate Plaintiff.

39.    No Borough Council agenda provided public notice that Plaintiff's termination would be considered prior to December 31, 2025.

40.    Borough Council did not adopt any ordinance or resolution removing Plaintiff prior to the effective date of termination.

41.    The Borough created no contemporaneous written record authorizing Plaintiff's termination prior to December 31, 2025.

42.    Plaintiff was therefore removed without lawful action by Borough Council.

43.    Plaintiff also raised concerns in part publicly and in part individually with Borough Council members regarding the Borough's compliance with public governance requirements, including whether official Borough actions and materials were being properly presented and addressed at public meetings.

44. Plaintiff advocated that Borough decisions and supporting documents, including those relating to zoning, development, and governmental correspondence, should be handled in a transparent manner and presented for public consideration consistent with applicable law.

45. These concerns related to matters of public concern, including transparency in municipal governance, lawful decision-making, and the proper administration of public resources.

46. On January 5, 2026, Borough Council convened a public meeting.

47. The agenda included an item titled "Ratification of Termination of John Brown Effective 12/31/2025."

48. Borough Council voted 4–2 to ratify Plaintiff's termination.

49. The vote did not purport to newly terminate Plaintiff.

50. The vote expressly presumed that Plaintiff's termination had already occurred.

51. Borough Council did not deliberate whether Plaintiff should be terminated.

52. Borough Council did not reevaluate the basis for termination.

53. Plaintiff was not provided notice of the meeting as a proceeding affecting his employment.

54. Plaintiff was not afforded an opportunity to be heard.

55. The structure and wording of the agenda item reflected the Borough's understanding that the decision had already been made.

56. The official minutes of the January 5, 2026 meeting disclose two executive sessions held on December 15, 2025 and January 2, 2026.

57. The executive session occurred at approximately 8:24 p.m. and 9:00 a.m., respectively.

58. Both executive sessions were designated for "personnel" matters.

59. The termination decision had already been made and communicated before January 5, 2026.

60. The January 5 vote was therefore not deliberative in nature.

61. The Borough used executive session as a venue for decision-making rather than discussion.

62. Public meetings were treated as confirmatory rather than determinative.

63. Plaintiff's termination was consistent with a broader custom of Borough governance.

64. During the relevant period, the Borough routinely resolved significant employment matters privately.

65. During the same period, Borough leadership took adverse action against other employees and officials who resisted directives, asserted

independence, or raised concerns regarding governance or compliance, including terminations, forced resignations, and removal of personnel from key roles.

66. These actions contributed to a pattern in which individuals who challenged leadership decisions or sought to ensure compliance with legal requirements were marginalized, disciplined, or removed.

67. Plaintiff's treatment and termination were consistent with this broader pattern.

68. Those decisions were later announced or ratified in public meetings without meaningful public deliberation.

69. Executive sessions were used as determinative forums, not merely informational ones.

70. Borough Council members and officers treated subsequent public votes as procedural formalities.

71. The Borough believed that post-hoc ratification was sufficient to legitimize prior private decisions.

72. This custom was persistent, well-settled, and known to Borough leadership.

73. This custom constituted official Borough policy because it was implemented by Borough Council acting as the Borough's final policymaker.

74.    Borough stakeholders and residents publicly raised concerns that Council Leadership conducted business through informal processes and later presented outcomes as predetermined, corroborating a pattern of decision-making outside public determination

75.    Plaintiff was deprived not only of his continued employment, but of the ability to contest, explain, or defend his performance publicly.

76.    Plaintiff was deprived of the opportunity to address Borough Council before his termination became effective.

77.    These deprivations were the predictable result of the Borough's chosen method of governance.

## COUNT I
### Pennsylvania Borough Code – Unlawful Removal

78.    Plaintiff incorporates by reference paragraphs 1 through 77 as if fully set forth herein.

79.    The Pennsylvania Borough Code vests authority to remove a Borough Manager exclusively in Borough Council acting officially.

80.    Plaintiff was terminated before any such official action occurred.

81.    Borough Council lacks authority to ratify a termination that was never lawfully effected.

82.    The Borough acted ultra vires.

83. Plaintiff's termination was unlawful and void or voidable as a matter of Pennsylvania law.

WHEREFORE, Plaintiff demands judgment against Defendant and seeks this Honorable Court to declare the Borough's actions unlawful and award back pay and lost benefits, compensatory damages and attorney fees and costs, and grant declaratory and injunctive relief and any other relief as the Court deems just.

### COUNT II
### Pennsylvania Sunshine Act
### (65 Pa. C.S. § 701 et seq.)

84. Plaintiff incorporates by reference paragraphs 1 through 83 as if fully set forth herein.

85. The Pennsylvania Sunshine Act, 65 Pa. C.S. § 701 *et seq.,* requires that official action be taken at public meetings.

86. Executive sessions may not be used to reach binding decisions.

87. The Borough decided to terminate Plaintiff during executive session.

88. The January 5, 2026 vote was a post-hoc attempt to legitimize an undisclosed decision.

89. The official minutes of the January 5, 2026 Borough Council meeting list the agenda item as "Ratification of Termination of John A. Brown Effective 12/31/2025."

90. The official minutes labeling the vote as "ratification" reflects that the determinative decision had already been reached outside public view, and that the public meeting was used as a confirmatory step rather than the forum for official action.

91. The Borough violated the Sunshine Act.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that this Honorable Court declare that Defendant violated the Pennsylvania Sunshine Act, invalidate the January 5, 2026 action purporting to ratify Plaintiff's termination to the extent permitted by law, award reasonable attorneys' fees and costs, and grant such other relief as the Court deems just and proper.

## COUNT III
## 42 U.S.C. § 1983 – Procedural Due Process (Monell Liability)

92. Plaintiff incorporates by reference paragraphs 1 through 91 as if fully set forth herein.

93. Plaintiff possessed a protected property interest in being removed only through lawful Borough Council procedures.

94. Plaintiff does not assert a contractual right to continued employment for a fixed term.

95. Pennsylvania law governs the manner in which a Borough Manager may be removed and requires action by Borough Council acting in its official capacity.

96.    Plaintiff was deprived of that process when a final termination decision was made and communicated before any lawful official action occurred at a public meeting.

97.    No advance notice of a public proceeding to consider Plaintiff's removal was provided.

98.    No opportunity to address Borough Council before the termination became effective was afforded.

99.    The later "ratification" vote did not provide process and did not occur before the termination took effect.

100.    Even as an at-will employee, Plaintiff possessed a protected interest in being removed only through statutorily required Borough Council action, and the deprivation of that process constitutes a violation of procedural due process.

101.    The Borough deprived Plaintiff of that interest.

102.    Plaintiff received no advance public notice.

103.    Plaintiff received no opportunity to be heard prior to termination.

104.    The deprivation occurred pursuant to Borough custom and policy.

105.    The Borough acted under color of state law.

WHEREFORE, Plaintiff demands judgment against Defendant and seeks this Honorable Court to declare the Borough's actions unlawful and award back

pay and lost benefits, compensatory damages and attorney fees and costs, and grant declaratory and injunctive relief and any other relief as the Court deems just.

## COUNT IV
## 42 U.S.C. § 1983 – First Amendment Retaliation (Monell Liability)

106.   Plaintiff incorporates by reference paragraphs 1 through 105 as if fully set forth herein.

107.   Plaintiff engaged in protected conduct by resisting unlawful governance practices and advocating for legal compliance.

108.   Plaintiff engaged in protected conduct by refusing to comply with directives that he reasonably believed would violate Pennsylvania law and municipal obligations, including directives to provide access to Borough financial systems, accounts, and confidential records without required safeguards.

109.   Plaintiff's refusal included declining to transfer access to Borough bank accounts, payroll systems, and sensitive financial information unless and until legally required prerequisites, including bonding and appropriate verification, were satisfied.

110.   Plaintiff communicated these refusals and the basis for them to Borough officials and/or agents acting on behalf of the Borough.

111.   Plaintiff also engaged in protected speech on matters of public concern, including raising concerns regarding transparency in municipal

governance, compliance with statutory requirements, and the proper handling of Borough decisions and materials in public meetings.

112. Plaintiff's conduct and speech were undertaken to prevent unlawful activity and promote lawful governance and therefore address matters of public concern.

113. Defendant, through Borough Council and its agents, was aware of Plaintiff's protected conduct.

114. Prior to October 3, 2025, Plaintiff's protected conduct led to increasing conflict with Borough leadership.

115. On October 3, 2025, Plaintiff was informed that Borough Council had decided to terminate his employment following an executive session.

116. The temporal proximity between Plaintiff's protected conduct and the termination decision, together with the escalating conflict between Plaintiff and Borough leadership, supports an inference that Plaintiff's protected conduct was a substantial or motivating factor in Defendant's decision.

117. Defendant's actions would deter a person of ordinary firmness from engaging in similar protected conduct.

118. The retaliation was carried out pursuant to Borough policy, practice, and custom.

119. Plaintiff's protected conduct was a substantial or motivating factor in the Borough's decision to terminate him.

120. The Borough's actions would deter a person of ordinary firmness from engaging in protected conduct.

121. The retaliation was carried out pursuant to Borough custom and policy.

WHEREFORE, Plaintiff demands judgment against Defendant and seeks this Honorable Court to declare the Borough's actions unlawful and award back pay and lost benefits, compensatory damages and attorney fees and costs, and grant declaratory and injunctive relief and any other relief as the Court deems just.

## COUNT V
## Monell Liability – Borough of Macungie

122. Plaintiff incorporates by reference paragraphs 1 through 121 as if fully set forth herein.

123. The Borough maintained customs and practices of governing through executive session and post-hoc ratification.

124. The Borough's final policymakers knew of and enforced those customs.

125. Those customs were the moving force behind Plaintiff's constitutional injuries.

126.   The Borough distinguished between determinative decisions made outside public vies and formal actions taken, later with public meetings functioning as confirmatory mechanisms/

WHEREFORE, Plaintiff demands judgment against Defendant and seeks this Honorable Court to declare the Borough's actions unlawful and award back pay and lost benefits, compensatory damages and attorney fees and costs, and grant declaratory and injunctive relief and any other relief as the Court deems just.

## COUNT VI
## Wrongful Discharge – Public Policy (Pennsylvania)

127.   Plaintiff incorporates by reference paragraphs 1 through 126 as if fully set forth herein.

128.   Plaintiff was terminated for complying with Pennsylvania law and resisting unlawful municipal practices.

129.   Plaintiff's termination violated Pennsylvania's clear public policy favoring transparent and lawful municipal governance.

WHEREFORE, Plaintiff demands judgment against Defendant and seeks this Honorable Court to declare the Borough's actions unlawful and award back pay and lost benefits, compensatory damages and attorney fees and costs, and grant declaratory and injunctive relief and any other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                        **BROUGHAL & DeVITO, L.L.P.**

Dated:      5/27/2026                By:          /s/ John S. Harrison
                                             JOHN S. HARRISON, ESQUIRE
                                             Attorney I.D. No. 53864
                                             ERIKA A. FARKAS, ESQUIRE
                                             Attorney I.D. No. 313686
                                             38 West Market Street
                                             Bethlehem, PA 18018
                                             Telephone No.:  (610) 865-3664
                                             Facsimile No.:  (610) 865-0969
                                             *Attorneys for Plaintiff*